[Cite as *State v. Tayse*, 2020-Ohio-258.]

STATE OF OHIO        )                    IN THE COURT OF APPEALS
                       )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO, SUMMIT COUNTY
COURT OF COMMON PLEAS
JUDGE SUSAN BAKER ROSS

    Respondent                   C.A. No.     29592

    v.

JAMES TAYSE                   ORIGINAL ACTION IN
                                 PROCEDENDO

    Petitioner

Dated: January 29, 2020

---

PER CURIAM.

{¶1} James Tayse has petitioned this Court for a writ of procedendo to order Judge Susan Baker Ross to rule on a motion. Judge Baker Ross moved to dismiss on several bases, including that Mr. Tayse failed to comply with the mandatory requirements of R.C. 2969.25. Because Mr. Tayse has not complied with those mandatory requirements, this Court must dismiss this case.

{¶2} Mr. Tayse moved to strike Respondent's Motion to Dismiss as untimely filed. He also moved for default judgment for failing to timely respond to the petition. We cannot address either of these motions because, as Mr. Tayse wrote in his motion to strike, "petitioner concedes that his petition may be dismissed on procedural grounds[.]"

{¶3} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The judge who is presiding over

Mr. Tayse's case is a government employee and Mr. Tayse, incarcerated in the Lebanon Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

**{¶4}** Mr. Tayse did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Tayse did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Mr. Tayse also failed to comply with R.C. 2969.25(A) which requires the filing of an affidavit of prior civil actions including specific, mandatory, information.

**{¶5}** Because Mr. Tayse did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Tayse.

{¶6}   The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal.  Civ.R. 58.


_____
LYNNE S. CALLAHAN
FOR THE COURT


CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES TAYSE, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting
Attorney, for Respondent.